OPINION
Appellant/defendant Ralph Busch appeals the dismissal of his Petition for Post-Conviction Relief by the Holmes County Court of Common Pleas. Appellee/plaintiff is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On October 1, 1996, appellant pled guilty to robbery, in violation of R.C. 2911.02, and assault on a police officer, in violation of R.C. 2903.11(A)(2). Sentence and change of plea Judgment Entries were filed October 2, 1996. Appellant was accused of fleeing during a shoplifting arrest, and in so doing, assaulting a police officer and attempting to run over the police officer with a car. No appeal was taken from the October 1 or October 2, 1996, Judgment Entries. On November 19, 1998, appellant filed a petition for post-conviction relief pursuant to R.C. 2953.21. Appellant alleged prosecutorial misconduct and ineffective assistance of counsel. Appellant argued that the police report he received in August, 1998, pursuant to the Public Records Act, showed that the officer claimed she fired her weapon at appellant's windshield as appellant drove toward the officer. Appellant claimed this was contradictory to the physical evidence of the case, specifically, photos of the car appellant was driving which show no damage to the windshield but allegedly show damage to the rear left panel. Appellant alleged the officer falsified her report to cover-up the unwarranted firing of her weapon at appellant. He argued that the State committed misconduct when it covered up this exculpatory evidence. An affidavit by appellant and photocopies of photographs were attached to the petition. Appellant further argued that his counsel was ineffective. Appellant claims that he was not given the opportunity to review the discovery package and that it was indicated to him that no discovery package had been provided. The record in this case indicates that discovery was provided by the State but the record does not reveal what documents were provided. Although appellant pled guilty to these charges, he contends that on the day of trial, his counsel was unprepared. Appellant claims he had to choose whether to accept a plea bargain of 5-15 years or face the maximum sentence should trial proceed and result in a conviction. Appellant chose to plead guilty. Appellant contends his plea was the result of the ineffectiveness of his counsel. On December 22, 1998, the state filed a motion in opposition, arguing that, pursuant to R.C. 2953.21(A)(2), appellant's motion was untimely. Appellant filed a Motion Contra on December 31, 1998. Appellant alleged he had met the requirements of R.C. 2953.23 (A) so as to allow filing of the petition after the 180 day time limit of R.C. 2953.21. He argued that the true facts had been covered up by the police department, that the prosecutor used Grand Jury testimony that the prosecutor knew to be perjured, that the prosecutor withheld exculpatory evidence and that, had defense counsel properly investigated the case, defense counsel would have known that evidence was lacking as to all the essential elements of the alleged offenses. Appellant argues that because of his inability to get the alleged exculpatory evidence at the time he entered a plea of guilty, he had no knowledge of the information he could use in his petition for post-conviction relief until appellant received the police report in August, 1998. On June 22, 1999, the trial court filed a Judgment Entry overruling the petition. The court's findings and conclusions held that the petition was not timely, pursuant to R C. 2953.21(A)(2), and therefore, appellant was not entitled to relief. The court found that the 180 day time limit applied to appellant and appellant had waited 747 days to file the petition. Appellant filed his appeal in this court on July 1, 1999, and raised the following assignment of error:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, TO THE PREJUDICE OF DEFENDANT-APPELLANT, BY DENYING APPELLANT POST-CONVICTION RELIEF, ERRONEOUSLY HOLDING THAT APPELLANT DID NOT TIMELY FILE HIS PETITION PURSUANT TO R. C. 2953.21(A)(2), AFTER APPELLANT HAD FACTUALLY AND EFFECTIVELY DEMONSTRATED THAT HE WAS DENIED THE CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, AND THAT HIS POST-CONVICTION PETITION WAS NOT TIMELY FILED DUE TO PROSECUTORIAL MISCONDUCT, IN WHICH THE PROSECUTOR OVERTLY VIOLATED THE BRADY EVIDENCE RULE BY WITHHOLDING EXCULPATORY EVIDENCE THAT HE KNEW TO BE FAVORABLE TO THE ACCUSED; EVIDENCE THAT DID NOT BECOME AVAILABLE TO APPELLANT UNTIL AUGUST, 1998, IN WHICH SAID FACTS WAS [sic] SUFFICIENT TO SATISFY THE REQUIREMENTS OF R. C. 2953.23(A)(1)(a) AND (A)(2), THEREBY REQUIRING THE PETITION TO BE JUDICIALLY ENTERTAINED ON THE MERITS. (original emphasis)
 I
In his first and only assignment of error, appellant argues that the trial court committed error and abused its discretion by erroneously holding that the petition was not timely filed pursuant to R.C. 2953.21(A)(2), after appellant demonstrated that he was denied effective assistance of counsel and that the petition was not timely filed due to prosecutorial misconduct, specifically the withholding of exculpatory evidence. Appellant claims the exculpatory evidence did not become available until August, 1998, but gives no further explanation as to why it took until August, 1998, to obtain the material. Appellant contends that he met the requirements of R.C. 2953.23(A)(1)(a) and (A)(2). Since appellant has not previously filed a direct appeal, under R.C. 2953.21, petitioner was required to file a petition for post-conviction relief no later than 180 days after the expiration of the time to appeal. R.C. 2953.23 allows a court to consider an untimely petition if the petitioner shows he was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present his claim of relief, R.C. 2953.23(A)(1)(a)), and petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found petitioner guilty of the offense. Appellant has not satisfied the R.C. 2953.23(A)(1)(a) requirement that he was unavoidably prevented from discovery of the facts upon which he relied to present his claim for post-conviction relief. We find no justifiable reason to explain the 747 day delay. Appellant has not provided any reason to justify his delay in obtaining the police report he received in August of 1998. The trial court is not required to make findings of fact and conclusions of law when it disposes of a petition under R.C. 2953.23. See State v. Mundy (March 28, 1997), Greene App. No. 96 CA 95, unreported, 1997 WL 156555. R.C. 2953.21, which requires the court to make findings of fact, does not apply to petitions that are filed outside of the time provided under R.C. 2953.21(A)(2). The trial court concluded that the appellant's petition for post-conviction relief had not been timely filed pursuant to R.C. 2953.21(A)(2) and must be overruled. The trial court did not issue a finding specifically addressing whether appellant met the requirements of R.C. 2953.23. However, we are satisfied from a review of the record that appellant's petition was not filed within the time period prescribed in R.C. 2953.21 and that appellant failed to show he was unavoidably prevented from discovery of the facts upon which the petition was based as is required by R.C. 2953.23 for petitions filed outside of that time limit. See State v. Mundy, supra. Appellant's assignment of error is overruled.
The Judgment of the Richland County Court of Common Pleas is affirmed.
By Edwards, J. Gwin, P.J. and Farmer, J. concurs